Charles W. FARRELL, Plaintiff,

v.

Robert B. WEINARD, Defendant.

Civ. A. No. 4960.

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 20, 1956.

I. H. Jacobson, A. Arthur Rosenblum, Charleston, S. C., for plaintiff.

Moore & Mouzon, Charleston, S. C., for defendant..

WILLIAMS, District Judge.

At the trial of this case I directed a verdict for the defendant on the grounds that the plaintiff was negligent as a matter of law and that the "last clear chance" doctrine was not applicable.

The plaintiff has made a motion for a new trial. At the hearing of this motion counsel for the plaintiff admitted that the plaintiff was negligent as a matter of law and that the only issue to be decided was whether the "last clear chance" doctrine was applicable.

The incident out of which this action arose took place on the dual lane highway in what is commonly known as the "North Area" in Charleston County, South Carolina. The plaintiff and his companion started across the right lane of the dual highway. Plaintiff for some reason stopped in the middle of the right lane, near the white line which separated the two driving lanes, turned around and was facing the direction from which he had started.

The undisputed testimony is that the defendant was driving about 40 or 45 miles per hour and that he had moved into the left driving lane in order to make a left-hand turn onto Air Port Road and also to keep the lights out of the rear view mirror of the automobile which was ahead of him. When the defendant noticed the car ahead of him swerve to the right, then back to the left, he knew something was amiss and immedately lifted his foot off the accelerator. At this time he saw the plaintiff approximately 50 feet ahead of him. He put on his brakes at once and turned toward the left shoulder of the road. At this moment the plaintiff turned around and ran into the path of the automobile; he was struck when he was approximately 3 to 4 feet from the left shoulder, or island, which separated the dual lane highway.

Testimony for the plaintiff revealed that he and his companion had consumed approximately eight bottles of beer each immediately preceding the collision. The defendant, however, had no knowledge of this fact and had no reason to think that the plaintiff was in a drunken stupor.

The following clearly states the principles involved in the last clear chance doctrine:

"One of the elements of the last clear chance doctrine is that the injured person must have been in an exposed condition or dangerous situation, a position of imminent peril or danger, from the operation of some agency or instrumentality under defendant's control. * * * There must have been more than a mere likelihood or bare possibility of injury; and the mere fact that the person or property injured was in a position which might become one of peril did not impose on defendant the duty of reasonable care to avoid the uncertain or contingent event. So, if there was nothing in the situation to indicate to an ordinarily prudent person that the person injured either could not reasonably escape from the position of danger, or apparently would not avail himself of opportunities open to him for so doing, there can be no recovery.

* * * * * *

"The zone of imminent danger must be determined from the facts of each particular case; * * *. In the case of a moving vehicle, the zone of imminent peril of a person approaching its path is reached at the moment such person approaches so near the ultimate point of collision, and under such circumstances, that it is or should be reasonably apparent that such person either cannot or will not stop or change his course before coming into the path of danger; and, in the absence of obliviousness on the part of the person approaching, the zone of imminent peril reaches no farther be-

yond the direct path of the vehicle than the distance within which such person is unable by his own efforts to stop short of it." 65 C.J.S., Negligence, § 137, pp. 764–767.

Applying the rules set forth above to the circumstances of this case, viewed in the light most favorable to the plaintiff, it is quite clear that the last clear chance doctrine cannot be invoked.

When Mrs. Martin, a witness for the defendant, first saw the plaintiff, Farrell, he had just been passed by a car 100 or 150 feet ahead of her. At that time he was standing in the middle of the road, apparently trying to light a cigarette, and was facing east. He was still there when Mrs. Martin passed him and when a car behind her and ahead of Captain Weinard passed him. Captain Weinard, the defendant, was first aware of the possibility that someone was in the road when the car about 100 feet ahead of him swerved sharply, and he first saw Farrell about 50 feet ahead; Farrell was in the center of the road, facing east, and was apparently stepping in that direction. There is no question that there was no duty upon the defendant up to this point under the "last clear chance" doctrine. He was traveling in the left lane of the roadway and Farrell was standing in the center of the road, apparently heading right. The defendant could go on his way without endangering Farrell unless Farrell put himself in the path of defendant's car, and there was nothing in the situation to indicate to an ordinarily prudent person that he was likely to do so. The plaintiff was not in a zone of imminent danger so far as the defendant was concerned; and the same thing would have been true no matter how far away Farrell might have been when he was first seen. The defendant owed no obligation to Farrell to do anything except maintain his course so long as Farrell remained in the road.

It was only when Farrell turned and ran into the path of defendant's car that he entered the zone of imminent danger. It was only then that it became the defendant's duty to use due care to avoid injuring him. When the car had swerved to the right the defendant began to slow down by taking his foot off the gas. As soon as he saw Farrell he used every means within his power to avoid hitting him. He reduced his speed to about 15 miles per hour but was unable to avoid striking Farrell.

There is no doubt that the defendant would not have struck the plaintiff if he had not turned and run into his car. The defendant did everything within his power to avoid the accident. There is nothing in the record to show that the defendant saw or should have seen that the plaintiff was in a position of peril from which he could not extricate himself. The plaintiff placed himself in a position of peril at a time when it was admittedly impossible for the defendant to have avoided striking him. It is quite clear to me that the "last clear chance" doctrine does not apply.

For the foregoing reasons, it is

Ordered that the motion for a new trial be denied.